## WASHINGTON v. STATE.

### No. 19440.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

Dallas Ivey, of Center, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of unlawfully possessing intoxicating liquor in dry area for the purpose of sale, and his punishment was assessed at a fine of $100.

The record shows that the officers, without a search warrant, went to appellant's home and searched it for whisky. As a result of this search, they found two full pints and one one-half pint of whisky. One of the pints was found in a trunk and was claimed by appellant's wife. The officers also saw appellant break one pint bottle in a dishpan. They recovered some of the broken glass and the neck of the bottle with the seal over the top showing that it was full when broken. An agent of the liquor control board, who assisted in the search of appellant's premises, testified that he was at appellant's home on the afternoon of the previous day and attempted to purchase a bottle of whisky. Appellant told him he was out and had sold the last bottle on the day before. Appellant admitted that two of the pints belonged to him; that he had it for his own use. He stated that the other pint belonged to his wife which she kept for medicinal purposes. He also admitted that the agent of the liquor control board offered to buy some whisky on the day before, but denied that he told the agent that he had sold the last bottle. Appellant's wife testified that the pint of whisky found in her trunk was kept by her for medicinal purposes.

The court, in his main charge, instructed the jury on appellant's legal right to possess intoxicating liquor in dry area, as follows: "The defendant in this case set up, as defense, that he had such liquor for medical purposes only and not for the purpose of sale. Under the law, the defendant has the right to set up such a defense; and you are instructed that if you find from the evidence that the defendant, on the day and date alleged, had such liquor for medicinal purposes only and not for the purpose of sale, then you will find the defendant not guilty and so say by your verdict."

Appellant, in effect, objected to the charge because it was a limitation on his legal rights, and requested a special charge to the effect that if the jury believed that he possessed the whisky for his own use or that of his family, either for medicinal or other purposes other than for sale, to acquit him. The court declined to heed appellant's objection and declined to give his requested instruction or one of similar import.

We believe that in this respect the court committed an error. The court's charge clearly limited appellant's right to the possession of whisky for medicinal purposes only; he not only had a right to possess it for medicinal purposes, but for any purpose other than for the purpose of sale.

Complaint is also made of certain argument by the county attorney which went beyond the bounds of reasonable deduction from the testimony. Prosecuting attorneys should always confine themselves in their argument to the evidence adduced upon the trial.

918

In view of another trial, it might not be improper to suggest that the testimony discovered by the officers as a result of a search of appellant's home would not be admissible upon a proper and timely objection thereto.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

assessed being thirty days in the county jail.

The appellant complains of the fact that there was no testimony introduced showing the dry status of Delta county, and a perusal of the statement of facts bears out the correctness of such statement.

We have heretofore held, in a long line of cases, that the procedure relative to the adoption of such law should not only be pleaded, but proven. See the late case of Baldridge v. State, Tex.Cr.App., 106 S.W. 2d 700, and cases there cited. Such proof is absent in this case, and we have no alternative than to reverse and remand this case.

The judgment is reversed, and the cause remanded.

## HARDY v. STATE.

### No. 19432.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

R. H. Good, of Cooper, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The charge is the unlawful possession of beer for the purpose of sale in a dry area, to wit, Delta county, and the punishment

## CANTU v. STATE.

### No. 19635.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

F. H. Hammond, of Burnet, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Conviction for the theft of property of the value of more than $50; punishment, two years in the penitentiary.

There has been filed with the clerk of this court a proper affidavit certifying that pending appeal this appellant escaped from the custody of the sheriff on January 27,